UNITED STATES DISTRICT COURT

Northern District of California

ACS RECOVERY SERVICES,

        Plaintiff,

  v.

ESTHER G. KAPLAN,

        Defendant.

_____/

No. C 09-01304 JSW (MEJ)

**ORDER RE SUPPLEMENTAL BRIEFING**

Pending before the Court is Plaintiff ACS Recovery Services' Motion for Default Judgment. To assist the undersigned in evaluating Plaintiff's Motion for preparation of a Report and Recommendation to the presiding judge in this matter, the undersigned **ORDERS** Plaintiff to file a Supplemental Brief addressing the following issues:

1. In its Complaint, Plaintiff alleges that subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1338(a) "because this action arises under benefits paid out under a health care plan governed by ERISA." (Compl. ¶4.) Section 1338(a), however, relates to a district court's jurisdiction over patent cases, and is therefore inapposite. To the extent that Plaintiff is asserting that jurisdiction exists in this action because it relates to benefits paid out pursuant to a health care plan governed by ERISA, Plaintiff should discuss not only the legal basis for such jurisdiction, but how its claims or requested relief fall within that category such that this Court has jurisdiction to hear them. *See Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361-69 (2006) (analyzing whether a fiduciary's claim against beneficiary fell within scope of § 502(a)(3) of ERISA.); *Great-West Life & Annuity Insur. Co. v. Knudson*, 534 U.S. 204, 208 (2002); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171-73 (9th Cir. 2004).

2. As an alternative basis for subject matter jurisdiction, Plaintiff avers that

"[j]urisdiction is also properly vested in this Court by virtue of the fact that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000." (Compl. ¶5.) With respect to diversity of citizenship between the parties, Plaintiff alleges that it is a Delaware corporation, but does not indicate where it's principal place of business is such that the undersigned can conclusively determine Plaintiff's state(s) of citizenship. Plaintiff should address this issue in its Supplemental Brief.

3. Plaintiff's second cause of action is for subrogation. Plaintiff proffers that the basis for this claim is the contract language at page 37 of the Policy. (Dkt. #30 at ¶2.) However, the Policy language Plaintiff cites in support distinguishes between subrogation, which it describes as Great West's right to "take over the Covered Person's right to receive payments from the Other Party," and Great West's right to recover directly from the Covered Person. Here, Plaintiff is not asserting any claim in Defendant's name against a third party; rather, Plaintiff is suing Defendant (the "Covered Person") directly. Thus, it is unclear how Plaintiff's claim fits within the policy definition of "subrogation" - or its definition under California law. Plaintiff should address this issue in its Supplemental Brief.

Plaintiff shall file its Supplemental Brief no later than **November 9, 2009**.

**IT IS SO ORDERED.**

Dated: November 2, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge